FILED

MAR 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50093 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00143-RGK-1 |
| v. | |
| KESHAWN MORRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 18, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Keshawn Morris appeals the denial of a motion to suppress following entry

of a conditional guilty plea. We affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Officers had reasonable suspicion to detain Morris based on a 911 call from a man who had just encountered him at Fame Liquor. The caller related that a black adult male who was wearing a black shirt and light blue jeans had just displayed a gun in a blue box he was carrying. The caller told the dispatcher that the man was walking northbound on Sierra Way toward 16th Street. Although the caller identified himself during the call, this information was not communicated to the officers on the scene. The 911 call itself, however, was entitled to greater reliability than an ordinary anonymous tip. *See United States v. Terry-Crespo*, 356 F.3d 1170, 1172 (9th Cir. 2004). Morris was stopped when he was seen in light blue jeans and a black shirt, carrying a blue igloo cooler, and walking in the forecast direction.

The scope of the stop did not exceed the bounds of a *Terry*[1] stop. That the officers had their weapons drawn, ordered Morris to the ground, handcuffed him, and took him to sit in the police car is not dispositive. *Compare United States v. Del Vizo*, 918 F.2d 821, 824-25 (9th Cir. 1990) (arrest), *with Allen v. City of Los Angeles*, 66 F.3d 1052, 1056-57 (9th Cir. 1995) (no arrest). Rather, we look to the totality of the circumstances. Unlike cases where we have found that a detention was converted to an arrest when similar conduct occurred, *see, e.g.*, *Del Vizo*, 918

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

F.2d at 825; *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295-96 (9th Cir. 1988), here the police reasonably suspected that Morris was armed. *See Del Vizo*, 918 F.2d at 825 (involving a suspected drug deal without evidence that the suspect was particularly dangerous, and contrasting cases where there was such evidence, *e.g.*, *United States v. Greene*, 783 F.2d 1364, 1367-68 (9th Cir. 1986)). The encounter lasted no more than four minutes. While Morris was cooperative (he hesitated only a second before complying with commands), safety was an obvious concern given that he was thought to be carrying a gun. In these circumstances it was not unreasonable to search the igloo. *See Michigan v. Long*, 463 U.S. 1032, 1051-52 (1983).

As we reach this conclusion based only on information relayed to the officers, it is unnecessary to decide whether the remaining information conveyed during the 911 call may properly be considered.

AFFIRMED.